Clerk's Copy

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 10 1999

*R. [signature]*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ENRIQUE TREJO-MUNOZ,

Defendant.

No. CIV-99-1383 LH/RLP
CR-97-473 LH

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Defendant's motion under 18 U.S.C. § 3582 to modify sentence or to recommend deportation filed November 29, 1999. Defendant alleges he is a deportable alien and he consents to immediate deportation. Because of his alien status, the Federal Bureau of Prisons considers him ineligible for a pre-release custody program authorized under 18 U.S.C. § 3624. Defendant argues that because he is ineligible for the six-month program, he is entitled to a downward departure under 18 U.S.C. § 3553(b). He asks that his 40-month term of imprisonment be reduced by the equivalent six-month period. For purposes of analysis only, it is assumed the Court has the authority to modify Defendant's sentence at this time. *Cf. United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996), *rev'd on other grounds, United States v. Blackwell*, 127 F.3d 947 (10th Cir.1997). The motion will be denied.

Defendant's alienage and consent to deportation are insufficient as a basis for the relief sought. "Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 2051 (1996)). Although consent



to deportation as a basis for departure "is not expressly forbidden, discouraged, or encouraged by the Sentencing Guidelines..., it is insufficient, as a matter of law, to warrant a downward departure." *United States v. Clase-Espinal*, 115 F.3d 1054, 1057 (1st Cir.) (citing *Koon*, 518 U.S. at ---, 116 S.Ct. at 2045), *cert. denied*, --- U.S. ---, 118 S.Ct. 384 (1997). Defendant cites to a case which, he asserts, allowed the requested departure under the sentencing guidelines. *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence"). Ineligibility for this program, however, does not increase the severity of Defendant's sentence; it merely precludes reduction of the prison term imposed by the Court.

IT IS THEREFORE ORDERED that Defendant's motion under 18 U.S.C. § 3582 to modify sentence or to recommend deportation filed November 29, 1999, is DENIED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE